UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

ROBYN E. PEAKE,                                        Case No. DK 15-03162
                                                       Chapter 13

                        Debtor.

_____/

<u>MEMORANDUM OF DECISION AND ORDER</u>

PRESENT:     HONORABLE SCOTT W. DALES
             Chief United States Bankruptcy Judge

BMW Financial Services NA, LLC leased a 2012 BMW automobile to Robyn E. Peake.

After Ms. Peake filed a chapter 13 petition, BMW filed a Proof of Claim for damages under the

lease, which it later amended to assert a substantially reduced deficiency claim, evidently after it

mitigated its damages under the lease.  Contending that BMW failed to assert its lease deficiency

claim within the time allowed under the confirmed chapter 13 plan, Ms. Peake's bankruptcy trustee

objected to BMW's claim.  BMW responded to the challenge, and the court took the matter under

advisement after listening to argument on November 18, 2016, in Kalamazoo, Michigan.  For the

following reasons, the court will disallow BMW's claim.

First, Ms. Peake's case is before this court pursuant to the standing reference from the

United States District Court.  28 U.S.C. §§ 157(a) and 1334(a); W.D. Mich. LCivR 83.2(a).  The

claims allowance process lies at the core of the bankruptcy court's role, 28 U.S.C. § 157(b)(2)(B),

and the court has ample authority to resolve this contested matter.

Second, the historical and procedural facts are uncontested.  BMW filed its original Proof

of Claim (Claim No. 5) on July 17, 2015, as an unsecured claim for lease damages in the amount

of $38,366.02, well before the claims bar date under Fed. R. Bankr. P. 3002(c).  On December 21,

2015, the court confirmed Ms. Peake's chapter 13 plan (the "Plan," ECF Nos. 2, 17 and 26), pursuant to which she surrendered her leased vehicle to BMW, evidently without controversy.

The Plan required certain secured creditors and personal property lessors asserting deficiency claims to file amended claims within 180 days after confirmation, or by June 18, 2016. *See* Plan (ECF No. 2) at ¶ IV.F.II.  Despite having notice of the case,[1] BMW filed its deficiency claim, in the reduced amount of $10,801.15, on July 6, 2016 -- 198 days after confirmation. Chapter 13 trustee Barbara P. Foley (the "Trustee") filed the Trustee's Objection to Claim and Notice of Opportunity for a Hearing (the "Objection," ECF No. 31) on September 30, 2016, and BMW timely filed its Response to Trustee's Objection and Request for Hearing (the "Response," ECF No. 32).

The parties' arguments are easily summarized.  For her part, the Trustee relies on two sections of the Plan, the first of which provides as follows:

> 4.  Collateral to Be Surrendered/Executory Contracts to be rejected:  The below listed collateral is surrendered to the creditor or contracts to be rejected; the stay shall be terminated upon entry of the order confirming plan; any deficiency shall be treated as a general unsecured claim:

| Creditor | Collateral Description/Contract Description |
|---|---|
| BMW | 2012 BMW |

*See* Plan at ¶ II.C.4.  This section simply gives notice of the surrender, and Ms. Peake's intention to reject the BWM lease, return the vehicle to the lessor, and treat the resulting deficiency claim as unsecured, in a manner consistent with the Bankruptcy Code.  *See* 11 U.S.C. § 502(g).  Pointing to the mechanics of filing the deficiency claim -- the precise grounds for the Objection to BMW's deficiency claim as untimely -- the Trustee cites the following Plan provision:

---

[1] BMW filed an electronic request for notices on August 14, 2015 (ECF No. 13).

(II)  With regard to secured claims filed by creditors holding security interests in personal property surrendered in this plan, and executory contract holders or lessors whose contracts or leases are rejected under this plan, each such secured creditor, executory contract holder or lessor must file an amended unsecured claim for its deficiency balance or asserted contractual damages on or before the date 6 months (180 days) after the date of entry of the Confirmation Order. Failure to file the amended claim on a timely basis pursuant to this provision means that such secured creditor, executory contract holder or lessor shall not be entitled to payment through the Chapter 13 Plan, and such secured creditor, executory contract holder or lessor's claim shall be discharged upon entry of a discharge order in this case.

*See* Plan at ¶ IV.F.II.  Contending, without contradiction, that BMW filed its amended (deficiency) claim beyond the 180 day period, the Trustee asks the court to disallow the claim, effectively requiring BMW to accept the value of the returned vehicle in full satisfaction of its claim for damages under the lease.

BMW's only response to this Objection is a tepid textual argument suggesting that the last quoted paragraph does not apply to BMW because it filed its Proof of Claim in July, 2015 as an unsecured claim, and the paragraph applies only to secured claims.  *See* Response at ¶¶ 1, 8. The court is not persuaded.  Although the argument is colorable given the introductory phrase of Paragraph IV.F.II, the more natural reading, and the one the court adopts, is that personal property lessors whose leases have been rejected must file lease rejection claims within 180 days after entry of the confirmation order and, without a timely amendment, the original claim is deemed to be disallowed.  Suffering the same fate as any holder of a disallowed claim under the Plan, a lessor who does not timely amend its claim will receive no distribution and, if the debtor completes payments, the lessor's claim will be discharged as "provided for by the plan or disallowed under section 502."  *See* 11 U.S.C. § 1328(a).

As a practical matter, this provision (i) creates a presumption that the return of the lessor's property (or the secured creditor's collateral) fully satisfies the claim, and (ii) disallows the original

claim on this theory.  To preclude disallowance, the creditor may rebut the presumption simply by filing an amended (deficiency) claim within 180 days after confirmation.  This provision has generated very little controversy in our District, and is a workable addition to the claims allowance process.  *See, generally, In re Hudson*, 260 B.R. 421 (Bankr. W.D. Mich. 2001) (discussing relationship between claims allowance process and effect of confirmed plan).

During the hearing, Trustee's counsel suggested that the Trustee felt constrained to object to BMW's amended claim given the Plan's language prescribing that a lessor or secured creditor who does not timely file a deficiency claim "shall not be entitled to payment through the Chapter 13 Plan."  It is conceivable that the Trustee might have permitted BMW's untimely deficiency claim to stand if she felt she had such discretion, given BMW's suggestion that its claim (as originally filed) was timely under Fed. R. Bankr. P. 3002(c),[2] and that its deficiency claim (reduced as amended) constitutes more than half of all filed claims in this case.  It is also possible that the Trustee has not yet commenced distribution to unsecured creditors, and that paying BMW's deficiency claim would present no practical impediment to her administration under the Plan.  In other words, perhaps the "equities of the case" detailed in an appropriate motion would support reconsideration of the disallowance under 11 U.S.C. § 502(j).

On the present record, however, it is enough to say that BMW filed its deficiency claim 198 days after confirmation, contrary to the Plan, and its claim should therefore be disallowed.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Objection (ECF No. 31) is SUSTAINED and BMW's claim (Claim No. 5) is DISALLOWED.

---

[2] Although case law generally holds that an amended claim relates back to the original, the authorities the court has reviewed do not consider the impact of a plan-based deadline such as the one upon which the Trustee relies in this case. *See, e.g., In re Spurling*, 391 B.R. 783 (Bankr. E.D. Tenn. 2008) (chapter 7 case in which court follows liberal amendment and relation-back policy for proofs of claim); *In re Parsons,* 135 B.R. 283 (Bankr. S.D. Ohio 1991).

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Kerry D. Hettinger, Esq., Barbara P. Foley, Esq., Kurt A. Steinke, Esq., James A. Graham, Esq., and the Office of the United States Trustee.

[END OF ORDER]

**IT IS SO ORDERED.**

**Dated November 29, 2016**



Scott W. Dales
United States Bankruptcy Judge